UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

OMAN GUTIERREZ,                :

             Plaintiff,     :   05 Civ. 6643 (VM)(HBP)

  -against-                   :   MEMORANDUM OPINION
                                   AND ORDER
DOCS DIR. T.R.C. DEBRA R. JOY, :
et al.,
                               :
             Defendants.
                               :
------------------------------X

PITMAN, United States Magistrate Judge:

By a notice of motion dated August 14, 2007 (Docket Item 32), plaintiffs move for pro bono counsel.[1] For the reasons set forth below, the motion is granted.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant; there is no right to appointed counsel in civil cases. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1986). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. April 26, 1996). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

Plaintiff is an inmate in the custody of the New York State Department of Correctional Services ("DOCS") and alleges, in principal part, that from December 2004 through March 2005 he was a participant in the DOCS' Temporary Release Program ("TRP") and that he was removed from the TRP without being permitted to participate in the hearing required by both the Due Process Clause, Anderson v. Recore, 446 F.3d 324, 328 (2d Cir. 2006); Tracy v. Salamack, 572 F.2d 393, 396 (2d Cir. 1978) and New York's own regulations. 7 N.Y.C.R.R. § 1904.2(h). Plaintiff was

removed from the TRP on the basis of an investigation that suggested he may have been involved in a homicide and narcotics trafficking. This investigation did not, however, result in any new charges against plaintiff. Although a hearing was held shortly after plaintiff was removed from the TRP, plaintiff was not permitted to attend the hearing, was not permitted to see or hear the evidence against him and was not allowed to offer any evidence in response to the evidence against him. The details of plaintiff's case are set forth in the July 27, 2007 Decision and Order of the Honorable Victor Marrero, United States District Judge, granting in part and denying in part defendants' motion for summary judgment. Guttierez v. Joy, 502 F. Supp.2d 352 (S.D.N.Y. 2007). Familiarity with Judge Marrero's decision is assumed.

Given the fact that plaintiff has been incarcerated almost continuously since 2000, I am willing to assume his indigence. In addition, given plaintiff's incarceration and lack of legal training, it also appears that he will have substantial difficulty presenting the issues for trial. Finally, given the fact that some of plaintiff's claims have survived summary judgment, it also appears that the case has sufficient merit to warrant submission to the Court's Pro Bono Panel.[2]

---

[2]My determination that the case has sufficient merit to be submitted to the Court's Pro Bono Panel is, of course, not a
(continued...)

Although plaintiff has not submitted any evidence concerning his own efforts to retain an attorney, on balance, I conclude that it is appropriate to add plaintiff's case to the list of cases considered by the Court's Pro Bono Panel.

Accordingly, plaintiff's motion (Docket Item 32) is granted. The Court's Pro Se Clerk is directed to add plaintiff's case to the list of cases submitted to the Pro Bono Panel.

Dated: New York, New York
February 5, 2008

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Oman Gutierrez
DIN No. 00-R-1047
Fishkill Correctional Facility
Boz 1245
Beacon, New York 12508

Jose L. Velez, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

---

[2](...continued)
prediction as to what the ultimate outcome of the case. It is merely a recognition that there are fairly triable facts.